# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| BIG BROTHERS BIG SISTERS OF GREATER MEMPHIS, INC., | * * * |
| Plaintiff, | * * |
| Vs. | * NO: _____ * |
| TRUMBULL INSURANCE COMPANY, | * * * |
| Defendant. | * |

## COMPLAINT

Comes now Big Brothers Big Sisters of Greater Memphis, Inc. (BBBS), Plaintiff in this action, through counsel, and states its Complaint against the Defendant as follows:

### PARTIES

1. Plaintiff Big Brothers Big Sisters of Greater Memphis, Inc. (BBBS) is a Tennessee not for profit corporation whose principle place of business is located at 81 Tillman Street, Memphis, Tennessee.

2. Upon information and belief, Defendant Trumbull Insurance Company is a corporation organized under the laws of the State of Delaware, is a member of The Hartford Financial Services Group, Inc. and maintains its principal place of business in the State of Connecticut.

### JURISDICTION

3. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because this action is between citizens of different states and the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

5. BBBS was the insured under a number of Directors and Officers' Liability Insurance Policies (the Policies) that it had purchased from the Defendant over the years, including, without limitation, the following:

> **Policy No. N0A1305659** effective March 4, 2008 – March 4, 2009 (the 08/09 Policy).
>
> **Policy No. N0A1305659** effective March 4, 2007 – March 4, 2008 (the 07/08 Policy).

6. BBBS paid the premiums for all of the policies, all of the policies provided coverage with respect to the underlying claims and, as of the date BBBS was sued in the underlying action, some or all of the policies provided insurance coverage for the claims made against BBBS in the Underlying Action.

## THE UNDERLYING ACTION

7. The Underlying Action arises from employment discrimination allegations made by Doug Baron (Baron) against BBBS.

8. On October 16, 2007, Baron filed a charge of discrimination with the United States Equal Employment Opportunity Commission (EEOC) and the Tennessee Human Rights Commission, claiming that he was discharged from his employment with BBBS after requesting an accommodation for an unspecified disability.

9. On June 30, 2008, the EEOC issued a Notice of Right to Sue to Baron.

10. On October 6, 2008, Baron filed the underlying Complaint against BBBS in the United States District Court for the Western District of Tennessee, Western Division, under Docket No. 2:08-cv-02578-SHM-dkv. The Complaint alleges that BBBS failed to accommodate and terminated Baron for his physical disability, sensory integration disorder, and contains causes of action for disability discrimination, failure to provide a reasonable accommodation, retaliatory discharge and intentional and negligent infliction of emotional

distress.

11. The claims set forth in the underlying Complaint are based on the Rehabilitation Act of 1973, 29 U.S.C. § 794, the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., the Tennessee Human Rights Act, T.C.A. § 4-21-101, et seq., the Tennessee Handicap Act, T.C.A. § 8-50-103, the Tennessee Public Protection Act, T.C.A. § 50-1-304, and Tennessee Common Law.

12. Upon receipt of the underlying Complaint, BBBS notified its insurance agent who forwarded a copy of the underlying Complaint to Trumbull Insurance Company (Trumbull) on November 18, 2008.

13. Trumbull received notice of this claim made against BBBS within the policy period of March 4, 2008 – March 4, 2009.

14. On December 5, 2008, Trumbull Insurance Company informed BBBS that there is no coverage for this matter and that it would not provide a defense or indemnity.

## **FIRST CLAIM FOR RELIEF**

## **DECLARATORY JUDGMENT**

15. BBBS incorporates by reference and re-alleges paragraphs 1-14 of this Complaint.

16. The Policies provide coverage for the claims asserted against BBBS in the Underlying Action and require the Defendant to provide a defense for those claims.

17. BBBS has complied with its obligations under the Policies, and all conditions precedent under the Policies have been performed or complied with.

18. BBBS gave timely notice to the Defendant of the claim made against it in the underlying action on November 18, 2008.

19. The Defendant is obligated under the Policies to provide coverage for, and defend, BBBS in the underlying action.

20. The Defendant has not been prejudiced by any alleged delay in notice of the claims made against BBBS.

21.     There is a genuine, actual controversy between BBBS and Trumbull concerning Trumbull's obligation to provide coverage (including a defense) for claims asserted in the underlying action. Pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, BBBS is entitled to a judicial declaration of its rights under the Policies.

WHEREFORE, Plaintiff BBBS prays that the Court:

1. Enter a declaratory judgment that Defendant Trumbull Insurance Company is required to provide coverage (including a defense) for all claims asserted against BBBS in the Underlying Action;

2. Award Plaintiff compensatory damages as may be proven at trial against the Defendant;

3. Award to Plaintiff its costs, attorneys fees and expenses incurred in this action; and

4. Provide Plaintiff with such further relief as the Court may deem appropriate, including certification of questions of law to the Tennessee Supreme Court.

**RESPECTFULLY SUBMITTED** this 24th day of February, 2010.

s/ Lewis W. Lyons
RICHARD GLASSMAN (D#7815)
LEWIS W. LYONS (D#24577)
Attorneys for Plaintiff
**GLASSMAN, EDWARDS, WADE & WYATT, P.C.**
26 North Second Street
Memphis, Tennessee 38103
Rglassman@gewwlaw.com
Llyons@gewwlaw.com
(Phone: 901-527-4673)
(Facsimile: 901-521-0940)
(OUR FILE:  #10-052)